**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARC GENE CLARK,

Defendant-Appellant.

No. 06-2027 & 06-2030
(D.C. No. CR-05-2260 JP & CR-96-
311-JP)
(New Mexico)

## ORDER AND JUDGMENT[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Marc Gene Clark appeals the district court's imposition of a 150 month sentence for robbery and discharging a firearm during a crime of violence. We affirm.

Mr. Clark entered a convenience store in Shiprock, New Mexico with a loaded rifle. Once inside, he approached the counter and demanded the cashier

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

give him all money in the register. In response to the cashier's initial unwillingness to hand over the money, Mr. Clark fired a shot at the cigarette dispenser above the cashier's head. Upon noticing another store employee moving in his direction, Mr. Clark fired two additional shots from his rifle in the vicinity of the employee. The store clerk turned over $101 from the cash register. With the money in hand, Mr. Clark exited the store and fled. Individuals waiting outside the convenience quickly apprehended him after a brief pursuit.

Mr. Clark pled guilty to robbery in violation of 18 U.S.C. §§ 2111 and 1153, and to using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The base offense level for the robbery charge, with a 3-level reduction for acceptance of responsibility and a criminal history category of III, resulted in a guidelines sentencing range of 30 to 37 for the robbery count. The firearm count, 18 U.S.C. 924(c), included a statutory minimum 120-month term required to run consecutively to any term imposed for the robbery count. Thus, Mr. Clark's total guidelines sentence range was calculated to be 150 to 157 months.

Mr. Clark did not file a sentencing memorandum. At the sentencing hearing, his counsel argued that a ten-year total sentence would be reasonable considering "the mandatory 10-year minimum sentence for Mr. Clark . . . leaves him facing so much time." Rec., vol. III at 11. He requested the court consider a letter from his client's mother describing the family's troubled history, *id.* at 9,

and stated that Mr. Clark had no intention to cause, nor did his actions subsequently lead to, any personal injury. *Id.* at 11. He also asked the court to consider Mr. Clark's difficult transition from a halfway house in Las Cruces where he successfully worked a steady job, to Shiprock where employment is scarce. Counsel suggested this move triggered the depression, alcohol use, and economic need that led to the robbery. *Id.*

After considering his arguments, the district court sentenced Mr. Clark at the bottom of the guideline range to a total prison term of 150 months for the robbery and firearm counts. In addition to violating 18 U.S.C. §§ 924(c)(1)(A)(iii), 2111 and 1153, Mr. Clark's actions at the convenience store violated the conditions of an ongoing supervised release. Accordingly, the court sentenced Mr. Clark to an additional 24 months to run consecutively with his 150-month sentence for violating the conditions of his supervised release.

Mr. Clark contends the district court's imposition of a sentence at the bottom of his guideline range was unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005), and the factors outlined in 18 U.S.C. § 3553(a). Specifically, he claims the application of the mandatory minimum "distorts the guideline range applied in this case such that the range does not properly reflect the 3553(a) factors." Aplt. Br. at 26. Moreover, Mr. Clark argues his traumatic childhood and the disruption of his progress toward rehabilitation supports a sentence below the guideline range.

"Under Booker, we are required to review district court sentencing decisions for 'reasonableness.'" *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). In *United States v. Kristl*, 437 F.3d 1050 (10th Cir. 2006), we held that sentences imposed within the advisory guideline range are presumed reasonable. *Id.* at 1054. "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the . . . sentencing factors laid out in § 3553(a)." *Id.* at 1055.[1]

First, we address Mr Clark's contention that a sentence is unreasonable where a mandatory minimum creates a drastically longer overall sentence than a sentence punishing the same conduct and derived only from the guidelines. Mr. Clark's § 924(c) conviction for using a firearm mandated a minimum 10-year sentence to run consecutively to his robbery sentence. The 10-year mandatory sentence plus the guidelines recommendation of 30 to 37 months for robbery resulted in an overall sentence range of 150 to 157 months. By contrast, if Mr. Clark had been convicted of robbery and his discharge of a firearm was accounted for through a sentencing enhancement rather than a separate count under § 924(c),

---

[1]Mr. Clark argues the reasonableness presumption for within-guidelines sentences set out in *United States v. Kristal*, 437 F.3d 1050 (10th Cir. 2006), is inconsistent with the Supreme Court's holding in *Booker*. In doing so, he recognizes "that a three-judge panel cannot overrule a prior holding," without a superseding Supreme Court precedent or an en banc decision, and explains this objection is made "in order to preserve the issue for possible review by this court en banc and/or by the Supreme Court by certiorari." Aplt. Br. at 23.

he would have received a 7-level enhancement to his robbery count pursuant to U.S.S.G. § 2B3.1(b)(2)(a). This enhancement would have bumped up Mr. Clark's robbery guidelines range to 63 to 78 months, a range half as lengthy as the range for a conviction for robbery and a conviction for discharging a firearm. Notably, although the recommended ranges are quite different, the conduct underlying the two situations are the same; the difference in outcome springs from the government's charging decision and the resulting convictions.

Mr. Clark argues the sentencing range in his case is inconsistent with "the sentence the Sentencing Commission has determined would satisfy all the § 3553(a) sentencing purposes, given the same offense characteristics as Mr. Clark's offense and the same criminal history as Mr. Clark," without the accompanying §924(c) charge. Aplt. Rep. Br. at 5. He relies primarily upon § 3553(a)(6), which requires sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." He contends his robbery sentence should have been reduced to prevent sentence disparities among those with "same offense characteristics," or those individuals who committed burglary and fired a weapon, but have been differently charged.

Mr. Clark is correct in his assertion that § 3553(a)(6) aims to prevent sentence disparities, but he fails to acknowledge that its uniformity is required only among defendants who "have been *found guilty* of similar conduct." 18

U.S.C. § 3553(a)(6) (emphasis added). Mr. Clark was "found guilty" on two counts; the person with whom he seeks comparison was "found guilty" on a single count of robbery. As written, § 3553(a)(6) does not require the district court to consider disparities between individuals found guilty of different crimes, as opposed to those who have *engaged* in similar conduct. The district court, therefore, did not disregard the requirements of § 3553(a)(6) when it refused to equalize penalties between the real Mr. Clark, who had two convictions, and the counterfactual Mr. Clark, who had one conviction and a sentencing enhancement.

Mr. Clark further maintains his traumatic childhood required a sentence below the guidelines range. Because his sentence was within his advisory guideline range, we presume the sentence is reasonable and require Mr. Clark to demonstrate that it "is unreasonable in light of the . . . sentencing factors laid out in § 3553(a)" to overcome this presumption. *Kristl*, 437 F.3d at 1055.

Mr. Clark describes a number of unfortunate events from his childhood that contributed to his participation in criminal activity, including scholastic and athletic failures; molestation by a school janitor; and a lack of parental attention. He asserts the district court failed to give sufficient weight to § 3553(a)(1), which requires it to consider "the nature and circumstances of the offense and history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). We disagree. The district court reviewed the letter from Mr. Clark's mother describing his childhood, the facts laid out in the PSR, and the oral recounting of Mr. Clark's

personal problems by Mr. Clark's counsel at the sentencing hearing. Rec., vol. III at 7. Although Mr. Clark had a troubled childhood, § 3553(a)(1) is but one of several factors the district court is required to consider. It must also consider "the need for the sentence to reflect the seriousness of the crime and promote respect for the law." *United States v. Galarza-Payan*, 441 F.3d 885, 890 (10th Cir. 2006) (citing 18 U.S.C. § 3553(a)(6) ). Mr. Clark fired three shots within the confined space of a small convenience store, which, as the district court noted, violated "the conditions of [his] supervised release in a very violent way." Rec., vol. III at 28. Mr. Clark does not point to anything in his personal background that is sufficiently extraordinary to overcome the presumption that the district court's weighing of all the 3553(a) factors was reasonable.

Mr. Clark claims his release from the halfway house, with its steady employment in Las Cruces, followed by a subsequent period of unemployment in Shiprock leading up to the robbery, caused the depression and alcohol abuse that led to his convictions, thereby supporting a sentence below the guideline range. We do not doubt the truth or unfortunate nature of the underlying facts. However, Mr. Clark's factual recitations do not in themselves demonstrate his sentence is unreasonable.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge.